# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HECTOR SIMMONS,**

    Petitioner,

vs.　　　　　　　　　　　　　　　　　Case No. 4:13cv494-WS/CAS

**STATE OF FLORIDA,**
**DEPARTMENT OF CORRECTIONS,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Petitioner Hector Simmons, proceeding pro se, filed a 28 U.S.C. § 2254 petition on August 26, 2013.  ECF No. 1.  On June 25, 2014, Respondent filed an answer, with exhibits.  ECF No. 18.  Petitioner has not filed a reply, although given the opportunity to do so.  *See* ECF No. 17.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings

and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## Procedural Background

By information filed on June 22, 2011, in the Second Judicial Circuit, Leon County, in case number 11CF01849, the State of Florida charged Petitioner Simmons with five counts, in connection with events that took place on June 10, 2011: (1) aggravated assault with a deadly weapon, a third degree felony, in violation of section 784.021(1)(a), Florida Statutes; (2) felony battery, a third degree felony, in violation of section 784.03(2), Florida Statutes, indicating he had a prior conviction for battery in Leon County case numbers 2010CF2778 and/or 2003MM5541; (3) resisting an officer without violence, a first degree misdemeanor, in violation of section 843.02, Florida Statutes; (4) criminal mischief with damages between $200 and $1000, a first degree misdemeanor, contrary to section 806.13(1)(b)2., Florida Statutes; and (5) escape, a second degree felony, contrary to section 944.40, Florida Statutes. ECF No. 18 Ex. A.[1] On November 17, 2011, Simmons entered a negotiated plea agreement on all counts. Ex. B.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 18.

In particular, Simmons pled no contest to each charge in exchange for concurrent sentences of five (5) years in prison, as a prison releasee reoffender (PRR) on Counts 1 and 2; 161 days on Counts 3 and 4; and five (5) years in prison, followed by two (2) years of probation on Count (5). *Id.* The state trial court accepted the plea, adjudicated Simmons guilty, and sentenced him in accordance with the terms of the plea. Ex. C (judgment and sentence). Simmons did not appeal.

On September 18, 2012, Simmons filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court. Ex. D. By order rendered December 20, 2012, the court summarily denied the Rule 3.850 motion. Ex. E. Simmons appealed to the First District Court of Appeal (DCA), assigned case number 1D13-92. Ex. F. The First DCA per curiam affirmed the case without an opinion on April 1, 2013. Ex. G; *see* Simmons v. State, 113 So. 3d 4 (Fla. 1st DCA 2013) (table). The mandate issued on June 5, 2013. Ex. G.

As indicated above, on August 26, 2013, Simmons filed a § 2254 petition in this Court. ECF No. 1. Respondent filed a response, with exhibits. ECF No. 18.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See, e.g., Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011); Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the

record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

For federal habeas purposes, a nolo contendere plea is treated the same as a guilty plea. *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also, e.g.*, Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty"). "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Tollett v. Henderson, 411 U.S. 258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); *see, e.g.*, Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A knowing and voluntary guilty plea waives all constitutional challenges to a conviction."). A defendant who enters a plea may not raise claims relating to alleged deprivations of constitutional rights that occurred prior to entry of the plea, but rather such a defendant may only attack the voluntariness of the plea by showing counsel's advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact

guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in McMann.

Tollett, 411 U.S. at 267. The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). The Court indicated exceptions to this general rule exist "where on the face of the record the court had no power to inter the conviction or impose the sentence." Broce, 488 U.S. at 569.

> In this case, in his § 2254 petition, Simmons raises two grounds:
>
> (1) The charging information is in violation of Florida Rule of Criminal Procedure 3.140(g) where "having been charged with a penal statute 944.40 Fla. Stat. the Defendant/Petitioner was much under the impression that the only conviction to his knowledge which could be rendered would be criminal misconduct therefore entered a plea agreement according to the actual language given by description of statute's language." ECF No. 1 at 4; and
>
> (2) The Petitioner/Defendant has now been adjudicated guilty of an uncharged offense/non-existent crime where "the acts which would need to be proven within the actual language of the charged offense were not given within the probable cause statements and having not actually broken constrainment or confinement . . . there can be no actual escape according to statute 944.40 penal code language of intent." Id.

Respondent asserts these grounds concern Simmons' conviction for escape to which he pled no contest as charged in Count (5) of the information and, because he entered the plea, he waived any non-jurisdictional challenges to the conviction's constitutionality. ECF No. 18 at

Case No. 4:13cv494-WS/CAS

8-9, 12. Respondent further asserts the state post-conviction trial court denied his claims as a matter of state law, finding the language in the Information charging escape accurately reflected the elements, the First DCA affirmed that order on appeal, and Simmons is not entitled to relief in federal habeas. *Id.* at 11-12. Finally, Respondent asserts that to the extent Simmons' claims could be construed as a challenge to the voluntariness of his plea, his claims were adjudicated on the merits by the state courts and Simmons cannot show the state courts' rulings were objectively unreasonable. *Id.* at 15-16.

As set forth above, Simmons' entry of a plea broke the chain of events that preceded it in the criminal process. *See* Tollett, 411 U.S. at 267. "Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir. 1983). Simmons' claims appear to constitute nonjurisdictional challenges and, therefore, he waived them when he entered his plea.

Further, to the extent Simmons asserts the Florida state court erred in any decision concerning Florida rules or laws, "federal habeas corpus

relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief"). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 600 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).  *See also, e.g.*, Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction.  That is not the case presented here.  An examination of the indictment . . . shows that it incorporated the elements of the offense of armed robbery, named the complaining witness and sufficiently described the circumstances of the alleged robbery.  The indictment was not fatally defective, for it adequately informed Heath of the charge he was called upon to defend, and the state trial court was not deprived of jurisdiction.").

Moreover, as Respondent indicates, Simmons raised these claims in his Rule 3.850 motion. *See* Ex. D. In denying this claim, the state post-conviction trial court made the following findings:

> On November 17, 2011, Defendant pled no contest to a number of felonies which included the crime of Escape. He now claims that his conviction for Escape was illegal because the charging document in his case failed to adequately include the necessary elements of that crime, and the facts of his case only supported an attempt to escape. As an "attempt" to escape still satisfies the choate crime of Escape, and the information in this case accurately reflects its elements, Defendant's claim is meritless. *See* Defendant's Motion, Exhibit A; § 944.40, Fla. Stat. Wherefore the motion is DENIED.

Ex. E. This ruling, affirmed on appeal without opinion, is entitled to deference and review is limited to the record before the state court. *See* Cullen, 131 S.Ct. at 1388.

The exhibits in the record support the state post-conviction trial court's findings and determination that Simmons' claims lacks merit. Specifically, the Information provides as to Count (5):

> On June 10, 2011, Hector N. Simmons, did unlawfully escape or attempt to escape from Tallahassee Police Department patrol car while under the lawful custody of the authorized officers of the Tallahassee Police Department by virtue of being under arrest and being transported to the Leon County Jail, contrary to Section 944.40, Florida Statutes.

Ex. A.  Section 944.40, Florida Statutes (2010), provides:

> **Escapes; penalty**.– <u>Any prisoner</u> confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with the state, a county, or a municipality, working upon the public roads, or <u>being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree</u>, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.  The punishment of imprisonment under this section shall run consecutive to any former sentence imposed upon any prisoner.

(underline emphasis added).  Additionally, in the written plea, filed in open court on November 17, 2011, Simmons pled no contest to the escape offense, subject to a maximum penalty of fifteen years, with the understanding that he would be sentenced to five years in prison, followed by two years of probation, to run concurrently with his other sentences.  Ex. B.  The signed, written plea also contains the following:

> I ask the Court to accept this plea.  I state and swear that I understand the following:
>
> (1) I must answer all the Judge's question's truthfully.  If I make a false statement while under oath, I could be prosecuted for perjury.
>
> (2) A plea of guilty admits my guilt.  <u>A plea of no contest means that I do not contest the state's evidence.  My plea of guilty or no contest means there will be no trial, and no further</u>

<u>investigation, discovery, or pretrial motions.  I will proceed to a sentencing which ends the case</u>.

(3)  <u>I know the maximum and minimum penalties and nature of my charges</u>.  My lawyer has told me the facts the State would have to prove before I could be found guilty.  I discussed with my lawyer any possible defenses.  There are no alibi or defense witnesses my lawyer has refused to investigate.  I am fully satisfied with my lawyer's services.

(4)  <u>I give up my right to a trial</u>, my right to require the State to prove the charge(s) beyond a reasonable doubt, my right to have a jury decide whether I am guilty or not guilty of the main charge(s) or any lesser offenses, my right to see and hear the witnesses against me, my right to have my lawyer question them, my right to subpoena witnesses for my case and to present my evidence or my defenses, and my right to testify or remain silent as I choose.  If I testify at trial, generally, the state cannot ask me about the nature of my prior offenses, but they can ask the number of my prior convictions for felonies and crimes of dishonesty.

(5)  I give up the right to take a direct appeal of all matters, including my guilt or innocence, unless I have reserved this right in my plea terms or as stated in open court.

. . . .

(9) I am not under the influence of drugs or alcohol.  No one forced me or threatened me to enter this plea.  There is no promise made to me by the Judge, the State, or my lawyer, that is not on this form or stated in open court.  <u>I enter this plea freely and voluntarily.  I feel this plea is in my best interests, even if I maintain my innocence by a no contest plea</u>.

(10) I have read this form, front and back, and I understand each paragraph and all the terms.

Ex. B (emphasis added). Simmons' signature on the plea form thus indicates that he understood the nature of the charge, waived the right to proceed to trial on the escape charge, entered the plea voluntarily, and believed the plea was in his best interest. On this record, the state court's adjudication of Simmons' claims did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

## Conclusion

Based on the foregoing, Petitioner Hector Simmons is not entitled to federal habeas relief. The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2016.

>    S/  Charles A. Stampelos
>    **CHARLES A. STAMPELOS**
>    **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.